UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUAN QUEVEDO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:20-cv-3188 |
| | ) |
| LER TECHFORCE, LLC | ) |
| f/k/a LHP SOFTWARE, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Juan Quevedo ("Plaintiff"), brings this lawsuit against Defendant, LER TechForce, LLC f/k/a LHP Software LLC ("Defendant"), pursuant to the Americans with Disabilities Act Amendment Act ("ADAAA"), 42 U.S.C. § 12101 et seq., and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, as amended.

## PARTIES

2. Plaintiff is a resident of the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a for-profit corporation engaging in business within the geographical boundaries of the Southern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 28 U.S.C. § 1343; 28 U.S.C. § 1367(a); 42 U.S.C. § 1988; and 42 U.S.C. § 2000e-5(f)(3).

5. Plaintiff was an "employee" of Defendant within the meaning of 42 U.S.C. § 12111(4) and 42 U.S.C. § 2000e(f).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5) and 42 U.S.C. § 2000e(b).

7. Plaintiff satisfied his obligations to exhaust administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received his right-to-sue notice from the EEOC and now timely files this lawsuit.

8. All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Southern District of Indiana; thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9. Plaintiff began working for LHP Tech Top Realty in 2014. A shareholder of Tech Top is also a share holder of Defendant, and the two organizations operate out of the same facilities in Columbus, Indiana. On March 13, 2018, Plaintiff was transferred to LHP Software, LLC as a facilities manager. At some point following this date, LHP Software, LLC was reorganized into LER TechForce, LLC.

10. Throughout his employment with Defendant, Plaintiff met or exceeded all of Defendant's legitimate employment expectations.

11. At all times relevant to this Complaint, Plaintiff reported to either Mike Verkamp ("Verkamp") , Debrah O'Connel ("O'Connel) or Ryan Kreigh ("Kreigh").

12. Plaintiff is Hispanic and of Mexican decent.

13. In 2018, Plaintiff suffered a heart attack. As a result, and due to lasting impacts of the heart attack on plaintiff's ability to engage in day to day tasks, Plaintiff is a qualified individual with a disability and/or has a record of a disability, and/or is perceived by Defendant to have a disability.

14. Plaintiff informed Verkamp that he needed work restrictions related to easing back into physical labor. Verkamp agreed to these restrictions. Plaintiff's conversations with Verkamp regarding his heart attack and continued disability constitute a request for a reasonable accommodation and statutorily protected activity. As a result of this conversation, Defendant was aware of Plaintiff's disability.

15. O'Connell and Kreigh created a hostile work environment for Plaintiff because of his race/national origin/ethnicity and because of his disability. O'Connell consistently harassed Plaintiff regarding issues that were outside the scope of his employment. Plaintiff would convey to O'Connell that he either could not address the issue because it was outside the scope of his authority (such as the poor hygiene of employees at a given facility) or because he had been told by the finance department that he could not perform a given task to due unavailable funds.

16. In response, O'Connell would ignore Plaintiff's explanation. At the same time, Plaintiff's nominal supervisor, Kreigh, consistently ignored emails and texts from Plaintiff wherein Plaintiff was seeking assistance in clarifying what his expectations were.

17. At no point in time was Plaintiff issued any discipline during his employment with Defendant.

18. Similarly situated non Hispanic employees and or employees who were not disabled received more favorable treatment from Respondent. For instance, Caucasian

department heads were not subjected to overbearing and contradictory micro-management such as Plaintiff received from O'Connell. Additionally, Caucasian department heads were not ignored by their supervisors as Plaintiff was ignored by Kreigh.

19. In March 2020, Kreigh asked Plaintiff to attend a meeting with O'Connell, ostensibly to work through any confusion that had arisen. Instead, Plaintiff was summarily terminated. Plaintiff had no progressive discipline nor even warnings regarding his work performance.

20. O'Connell, as head of the HR department, and who is white and not disabled, received more favorable treatment than Plaintiff, who was also a department head. One example of preferential treatment is that Plaintiff was allegedly terminated in part because of the way he interacted with O'Connell, yet at a minimum, O'Connell was dismissive and condescending to Plaintiff, yet was not disciplined or terminated.

21. Defendant terminated Plaintiff because of his race/ethnicity and because of his disability.

22. All other reasons proffered by the Defendant for its unlawful actions are pretext.

23. Plaintiff has suffered damages as a result of Defendant's unlawful conduct.

### COUNT I

### DISABILITY DISCRIMINATION

24. Plaintiff hereby incorporates paragraphs 1-23 of his Complaint, as if the same were set forth at length herein.

25. Defendant subjected Plaintiff to disparate treatment because of his disability and/or because it perceived Plaintiff to have a disability and/or because Plaintiff has a record of

disability.

26. Defendant terminated Plaintiff because of his disability, because it perceived Plaintiff to have a disability, and/or because Plaintiff has a record of disability.

27. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights as protected by the ADA.

28. Plaintiff has been harmed as a result of Defendant's unlawful actions.

## COUNT II

## RACE/ETHNICITY DISCRIMINATION

29. Plaintiff hereby incorporates paragraphs 1-28 of his Complaint.

30. Defendant took adverse employment actions against Plaintiff and subjected him to disparate policy and procedures because of his race/ethnicity.

31. Defendant terminated Plaintiff because of his race/ethnicity.

32. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

33. Plaintiff has been injured as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff Juan Quevedo, by counsel, respectfully requests that this Court find for him and order that:

1. Defendant reinstate Plaintiff or, in lieu of reinstatement, pay front pay and benefits to Plaintiff;

2. Defendant pay lost wages and benefits to Plaintiff;

3. Defendant pay liquidated damages to Plaintiff in the amount of two (2) times the amount of back pay owed to Plaintiff;

4. Defendant pay compensatory and punitive damages to Plaintiff;

5. Defendant pay pre- and post-judgment interest to Plaintiff;

6. Defendant pay Plaintiff's attorneys' fees and costs incurred in litigating this action; and

7. Defendant pay to Plaintiff any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

John H. Haskin (7576-49)
Keenan D. Wilson (32195-49)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
(317) 955-9500
(317) 955-2570 fax
jhaskin@jhaskinlaw.com
kwilson@jhaskinlaw.com

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Juan Quevedo, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

                                        John H. Haskin (7576-49)
                                        Keenan D. Wilson (32195-49)
                                        JOHN H. HASKIN & ASSOCIATES
                                        255 North Alabama Street, 2nd Floor
                                        Indianapolis, Indiana 46204
                                        (317) 955-9500
                                        (317) 955-2570 fax
                                        jhaskin@jhaskinlaw.com
                                        kwilson@jhaskinlaw.com